UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KING A. GATTEN,<br><br>      Plaintiff,<br><br>v.<br><br>KNIGHT PROTECTIVE SERVICE, INC.,<br><br>      Defendant. | Civil Action No. 1:09-cv-879 |

## CONSENT DECREE

This matter is before the Court for entry of judgment by consent of the parties to effectuate a compromise and settlement of all claims in the above-captioned case.

1. Plaintiff, King A. Gatten ("Gatten"), commenced the above-captioned action in the United States District Court for the Western District of Michigan, alleging that defendant Knight Protective Service, Inc. ("Knight") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") by failing to promptly and properly reemploy Gatten upon his return from military service in the position he would have held had his employment not been interrupted by his military service, or in a position of like seniority, status and pay.

2. Knight denies each and every allegation of a violation of USERRA made against it by Gatten in this lawsuit.

3. Nevertheless, Gatten and Knight (collectively referred to as the "Parties"), as a result of settlement discussions, have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree (the "Decree"). It is the intent of the Parties

that this Decree be a final and binding settlement in full disposition of all claims alleged in the Complaint filed in this case.

## STIPULATIONS

4. Pursuant to USERRA, the Parties acknowledge the jurisdiction of the United States District Court for the Western District of Michigan over the subject matter of this action and of the Parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

5. Venue is proper in this district for purposes of this Decree and any proceedings related to this Decree only. Knight agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## FINDINGS

6. Having examined the terms and provisions of the Decree, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of this action and the Parties to this action.

   b. The terms and provisions of this Decree are fair, reasonable, and just. The rights of the Parties are protected adequately by this Decree.

   c. This Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of the USERRA and other applicable laws and will be in the best interest of the Parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## NON-ADMISSION

7. This Decree is being entered with the consent of the Parties and shall not constitute an adjudication or finding on the merits of the case or be construed as an admission by Knight of any violations of USERRA, or any other law, rule or regulation, dealing with or in connection with equal employment opportunities.

## NON-RETALIATION

8. In connection with this case, Knight shall not take any action against any person, including but not limited to Gatten, which constitutes retaliation or interference with the exercise of such person's rights under USERRA, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding.

## REMEDIAL REQUIREMENTS

9. Without admitting the allegations as set forth in the Complaint, and in settlement of the claims raised in this case, Knight shall, within thirty (30) days from the date of entry of this Decree, pay Gatten a total amount of Seven Thousand Eight Hundred Thirty Nine and 61/100 ($7,839.61), regardless of whether it is paid directly by Knight or paid by a third party source on behalf of Knight, to satisfy all of Gatten's claims for relief, monetary and non-monetary, legal and equitable, which shall be constituted as follows:

    a. Seven Thousand Seven Hundred Seventy Eight and 17/100 Dollars ($7,778.17), in back pay from which appropriate income tax withholdings and other statutory deductions shall be made by Knight. Knight shall pay its portion of any Social Security tax on the back pay portion of the

amount separately and shall not deduct its portion of such tax from the

amount paid to Gatten.

    b.    Sixty One and 44/100 Dollars ($61.44) in accumulated interest on the back

pay.

Knight shall pay the required amount by mailing to Gatten a check addressed as follows:

> King A. Gatten
> 85 Shadywood Lane
> Battle Creek, MI  49035-3511

Knight shall provide documentary evidence of having paid Gatten by mailing a photocopy of the check evidencing payment together with proof of payment to the following address within ten (10) days of payment to Gatten:

> Rachel R. Hranitzky
> United States Department of Justice
> 950 Pennsylvania Avenue, NW
> Civil Rights Division
> Employment Litigation Section, PHB, Room 4030
> Washington, DC  20530

    10.    Gatten agrees that all requests for reference shall be directed to Donna Snowden in Knight's Human Resources Department. Knight agrees that in response to a reference request directed to Donna Snowden, it will respond only with Gatten's position and dates of employment.

    11.    For and in consideration of the relief being provided to him described in paragraphs 9 and 10 of this Decree, Gatten releases and discharges Knight from the claims identified in the Complaint filed in this case and the complaint Gatten filed with the Department of Labor, complaint number MI-2009-00015-10-V. This release and discharge of claims is subject only to Knight's compliance with the terms of this Decree.

## MISCELLANEOUS

12. All Parties shall bear their own costs and expenses of litigation, including attorneys' fees.

13. This Decree constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted in this action. This Court retains jurisdiction over this matter, however, for the purpose of entering appropriate orders enforcing this Decree.

14. The terms of this Decree shall be binding upon the present and future directors, employees, agents, administrators, successors, representatives, and assigns of Knight and upon the heirs, successors, and assigns of Gatten.

15. This Decree constitutes the entire agreement and commitments of the Parties. Any modifications to this Decree must be mutually agreed upon and memorialized in writing by all Parties.

## EFFECTIVE DATE

16. The effective date of this Decree shall be the date upon which it is entered by the Court.

17. This Decree shall expire, and this action shall be dismissed, without further order of this Court, six (6) months after entry of this Decree, provided that Knight has provided Gatten with the remedial relief called for herein.

APPROVED and ORDERED this 12th day of November, 2009.

/s/ Gordon J. Quist
UNITED STATES DISTRICT JUDGE

*[Signature: John M. Gadzichowski /KDW]*
*[Signature: Rachel R. Hranitzky]*  *[Signature: King A. Gatten]*
JOHN M. GADZICHOWSKI [WI Bar No. 1014294]   KING A. GATTEN
Chief
LOUIS LOPEZ [DC Bar No. 461662]
Deputy Chief
RACHEL R. HRANITZKY [TX Bar No. 000793991]
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division, Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4030
Washington, DC 20530
Telephone: (202) 305-1642
Facsimile: (202) 514-1005

*On Behalf of Plaintiff King A. Gatten*

*[Signature: M. Campbell]*
MEREDITH S. CAMPBELL
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike, Suite 300
Rockville, MD 20852
Telephone: (301) 255-0550
Facsimile: (301) 230-2891

*On Behalf of Defendant Knight Protective Service, Inc.*